Page 2

AO 241
(Rev. 06/13)

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

JUL 29 2024

| United States District Court | District: **Middle Georgia** | |
|---|---|---|
| Name (under which you were convicted): **Charlie Branner, Jr.** | | Docket or Case No.: **FILED** |
| Place of Confinement: **Washington State Prison** | Prisoner No.: **811297** | |
| Petitioner (include the name under which you were convicted) **Charlie Branner, Jr.** | Respondent (authorized person having custody of petitioner) **Veronica Stewart, Warden** | |
| The Attorney General of the State of **Georgia** | | |

v.

### PETITION     CV124- 119

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

**Tift County Superior Court, P.O. Box 354, Tifton, Georgia 31793**

(b) Criminal docket or case number (if you know): **2018CR002 / 2018CR063**

2.    (a) Date of the judgment of conviction (if you know): **11/13/2018**

(b) Date of sentencing: **11/28/2018**

3.    Length of sentence: **30 Serve 14**

4.    In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case: **Three Counts of Child molestation**

6.    (a) What was your plea? (Check one)

☐  (1)  Not guilty          ☐  (3)  Nolo contendere (no contest)

☑  (2)  Guilty             ☐  (4)  Insanity plea

AO 241
(Rev. 06/13)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Coffee Superior Court

(2) Docket or case number (if you know): SUCV 2019 000330 / 2020 CV-57

(3) Date of filing (if you know): August 8, 2019

(4) Nature of the proceeding: Habeas Corpus

(5) Grounds raised: Ineffective assistance of appellate counsel for not raising ineffectiveness of guilty plea counsel and the trial court fails to inform defendant or advise him of his Boykin rights before and during the entry of the guilty plea.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes     ☐ No

(7) Result: Denied

(8) Date of result (if you know): November 22, 2023

AO 241
(Rev. 06/13)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of Georgia

(2) Docket or case number (if you know): S24H0494

(3) Date of filing (if you know): December 6, 2023

(4) Nature of the proceeding: Application for Certificate of Probable Cause

(5) Grounds raised: The habeas court failed to make a finding to determine if Petitioner was afforded his three rights as set out in Boykin v. Alabama... the right to confront witnesses, the right to a jury trial, and the right against compulsory self-incrimination.

Ineffective assistance of counsel, the habeas court erred in the erred in the failure to determine whether Petitioner is acquitted by operation of law due to a defaulted trial where a valid demand for a speedy trial was filed.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Denied

(8) Date of result (if you know): July 2, 2024

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of Georgia

(2) Docket or case number (if you know): S24H0494

(3) Date of filing (if you know): December 6, 2023

(4) Nature of the proceeding: Application for Certificate of probable cause

(5) Grounds raised: The habeas Court failed to make a finding to determine if Petitioner was afforded his three rights as set out in Boykin v. Alabama... the right to Confront witnesses, the right to a Jury trial, and the right against Compulsory Self-incrimination.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Denied

(8) Date of result (if you know): July 2, 2024

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

AO 241
(Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:       ☐ Yes       ☐ No

(2) Second petition:    ☐ Yes       ☐ No

(3) Third petition:      ☐ Yes       ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Petitioner was not afforded his three federal Constitutional Boykin rights by the trial Court. Due Process Violation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Brief In Support of Writ of Federal Habeas Corpus.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Habeas Corpus

    Name and location of the court where the motion or petition was filed: Coffee County Superior
    Court, 101 South Peterson Avenue, Douglas, Georgia 31533

    Docket or case number (if you know): 2020 SUV057

    Date of the court's decision: November 22, 2023

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Supreme Court of Georgia 1st Floor,
    Suite 1100, 330 Capitol Avenue, S.E. Atlanta, Georgia 30334

    Docket or case number (if you know): S24H0494

    Date of the court's decision: July 2, 2024

    Result (attach a copy of the court's opinion or order, if available): Denied

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                          ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?                                      ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?            ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    Direct Appeal of Ground Four:
(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                          ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
         having jurisdiction?   ☑ Yes   ☐ No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
         presenting them:

   (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which
         ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
      that you challenge in this petition?   ☐ Yes   ☑ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
      raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
      of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
      the judgment you are challenging?   ☐ Yes   ☑ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
      raised.

AO 241
(Rev. 06/13)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Michael W. Gowen, P.O. Box 1252, Tifton, Georgia 31794

(b) At arraignment and plea:  Jami L. Lewis, P.O. Box 513, Camilla, Georgia 31730

(c) At trial:

(d) At sentencing:

(e) On appeal:  Reginald C. Wisenbaker, P.O. Box 1107, Valdosta, Georgia 31603

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?         ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?         ☐ Yes   ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 06/13)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 24?.
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: That the Honorable Court order finding Petitioner's guilty plea unknowing and involuntary. An order vacating Petitioner's conviction and granting withdrawal of his plea and a new trial.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    7-24-24         (month, date, year).

Executed (signed) on    7-24-24        (date).

Charlie Branner, Jr.
_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.



## SUPREME COURT OF GEORGIA
Case No. S24H0494

July 02, 2024

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

CHARLIE BRANNER, JR. v. STEVE UPTON, WARDEN et al.

Upon consideration of the application for certificate of probable cause to appeal the denial of habeas corpus, it is ordered that it be hereby denied.

*All the Justices concur.*

Trial Court Case No. 2020SUV57

**SUPREME COURT OF THE STATE OF GEORGIA**

Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Thinise A Banner*, Clerk

AO 241
(Rev. 06/13)

Page 1

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $   N/A   , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and   0   copies to the Clerk of the United States District Court at this address:

Clerk, U.S. District Court for the Middle District of Georgia

P.O. Box 1130
Augusta, GA 30903

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

# Certificate Of Service

This is to certify that I have this day served a true and correct copy of the foregoing, Writ of Federal Habeas Corpus / Brief in support of Writ of Federal Habeas Corpus, by placing the same in the United States mail with adequate postage affixed and addressed to:

Clerk's Office
U.S. District Court
Middle District
P.O. Box 1130
Augusta, Ga. 30903

Attorney's Generals Office
40 Capitol Square SW
Atlanta, GA 30334-1300

This __24__ day of July, 2024.

Charlie Brenner, Jr.
GDC # 811297
Washington State Prison
P.O. Box 206
Davisboro, GA 31018

11

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHARLIE BRANNER, JR.,                    Civil Action File No.
GDC # 811297,

Petitioner

V.

                                         HABEAS CORPUS
                                         28 U.S.C. § 2254

Brief in Support of Writ of Federal Habeas Corpus

Charlie Branner, Jr.
GDC # 811297
Washington State Prison
P.O. Box 206
Davisboro, Georgia 31018

Comes Now, Charlie Branner, Jr., and files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the district court is authorized to entertain this application for Writ of Habeas Corpus on behalf of the petitioner pursuant to the Judgment of the State Court since the petitioner is in Custody in violation of his Constitutional rights. The petitioner has exhausted the remedies available in the Courts of the state and therefore respectfully request that the Honorable Court address issues raised herein. Branner Shows the following in support of the Writ.

## PART 1

### Statement of Facts and Procedural History

The Petitioner was re-indicted on May 16, 2018, by a Tift County grand Jury for rape (Count 1), aggravated sexual battery (Counts 2-3), Child molestation (counts 4-6), enticing a Child for indecent purposes (Count 7), Sexual exploitation of a child (Count 8), sexual battery against a child under 16 (Count 9), and false imprisonment (Count 10).[1] (HT1.55-61) (HT1.154).

A negotiated plea was entered on November 13, 2018, to counts 4-6, and an order of nolle prosequi was entered on the remaining counts. Id. at 63-66. Petitioner received a aggregate sentence of 30 years, to serve 14 in confinement.

---

[1] Citations to the sequentially-numbered transcript of the April 8, 2022, evidentiary hearing are "HT1." followed by the page number(s). Citations to the sequentially-numbered transcript of the December 16, 2022, evidentiary hearing are "HT2." followed by the page number(s).

The Petitioner Originally filed his State Habeas Petition on August 8, 2019, Civil Action number: SUCV2019000330 in the Superior Court of Washington County, Sandersville, Georgia. This case was transfered to the Superior Court of Coffee County, Douglas, Georgia, with new Civil Action number: 2020-SU-Y-51. Petitioner Challenging the validity of his November 2018 Tift County guilty plea on the basis, inter alia, that it was not entered voluntarily, and knowing. This Court held an evidentiary hearing on April 8, 2022, at which the Assistant Attorney General stated the reasons why they did not subpoena new appellate counsel is because Petitioner's appeal was a nullity. (HT1.4). At Petitioner's request, this Court conducted a follow-up hearing on December 16, 2022, at which new counsel Reginald Wisenbaker and the Tift County Superior Court Clerk Clay Pate, testified.

The Petitioner's State Habeas Petition was denied on November 22, 2023. On December 6, 2023, the Petitioner filed his Application For Certificate of Probable Cause and the Supreme Court of Georgia denied the Application on July 2, 2024. The Petitioner filed this writ within the one year time limitation pursuant to 28 U.S.C.A. § 2244 (d)(1).

## PART II

### Jurisdiction

The Middle District of Georgia have exclusive Jurisdiction over this Writ pursuant to 28 U.S.C. § 2254 (c)(d) since this is the federal district within the state the Petitioner is being detained. The AEDPA has placed constraints on the power of the federal courts to grant a state prisoner's application for a writ of Habeas Corpus with respect to claims adjudicated

On the merits in a State Court. William V. Taylor, 529 U.S. 362 (2000) AEDPA limits a federal Court's review of a State Court's decision and established a general framework of substantial deference for reviewing every issue that the State Courts have decided.

The Petitioner raises the following grounds in his writ:

## Enumeration of Error

1.  Did the Court err in or failed to make a finding to determine if Petitioner was afforded his three rights as set out in Boykin V. Alabama, 395 U.S. 238, 89 SC. 1709, 23 LE 2d 274 (1969) Before accepting a guilty plea? The right to CONFRONT one's accusers, the privilege against Compulsory Self-incrimination, and the right to a trial by Jury. Rule 11 of the Federal Rules of Criminal Procedure.

Standard of Review:

Pursuant to USCR 33.8, the Court should not accept a plea from a Defendant without first doing the following:

b) Informing the Defendant on the record that by entering the plea of guilty one waives:
   (1) The right to confront witnesses;
   (2) The privilege against Compulsory Self-incrimination;
   (3) The right to trial by Jury.

"A review of the Waiver of Defendant's Rights that was signed by the Defendant shows that each of the items mentioned in Rule 33.8 were not discussed with the Defendant." (HT1. 66). Petitioner Contends that the

4

Courts lack of acknowledgement of foregoing those constitutional rights at the Habeas hearing by not properly reviewing (waiver of Rights form / Guilty Plea transcript) of Petitioner's rights did not occur therefore violating his BoyKin rights. (HT2.50). Britt V. Smith, 274 Ga. 611, 556 S.E. 2d 435 (2001) (habeas relief granted only for the failure to inform a defendant of the three BoyKin rights, not the rights set forth in USCR 33.8).

In July 2023, Petitioner Submitted a proposed order. On November 22, 2023, Respondent filed a proposed final order, contending at page 17, as for ground 13, that the Petitioner's waiver of rights form, which was signed by Petitioner, pled counsel Jami Lewis, and the trial Court, demonstrates that Petitioner was fully informed of his privilege against self-incrimination, right to confront witnesses, and right to a Jury trial. (HT1.66).

## PART III.
### Argument And Citation of Authority

Here the record is clear, there is nothing in the record (extrinsic-evidence) to show that Petitioner (before or after pleading guilty) was advised that he had a right to "CONFRONT" and "CROSS-EXAMINE" his accuser (i.e. The alleged victims). The so-called Waiver of Rights form states that "You have the right to have the witnesses against you appear in court." [This statement is in No wise synonymous or equivalent to ones constitutional sixth amendment right to "Confront and Cross-Examine" ones accusers]. (HT1.66).

The Plea Agreement, and waiver of Rights form, was not initials by

5

Petitioner, which shows (1) that Lewis did not explained Petitioner's rights and waiver of those rights in connection with Petitioner's plea, and (2) that Petitioner did not entered his plea freely and voluntarily. (HT1. 63-66).

The colloquy ( Guilty Plea transcript) demonstrates that Petitioner was not informed that a guilty plea waives his right to confront witnesses, his right to a jury trial, and his privilege against self-incrimination (HT1. 71-83). The record in this case does not support the habeas court's conclusion that the state met its burden to demonstrate that Petitioner properly waived his three Boykin rights. The guilty plea and sentencing transcripts show that the trial court did not advised Petitioner of his constitutional rights, including the presumption of innocence, right to a jury trial, and the right to call and confront witnesses. Even though the record also shows that Petitioner responded affirmatively to the trial court's question as to whether his attorney advised him of "your rights," those rights were not identified by the court; nothing in the plea transcript shows that Petitioner was cognizant of what was referred to by the phrase "your rights." (HT1. 75-77). Arnold v. Howerton, 282 Ga. 66, 646 S.E. 2d 75 (2007).

This is a similar case, Whitesides v. State, 266 Ga. App. 181, 596 S.E.2d 706 (2004), but unlike Petitioner's case. In Whitesides, he entered a negotiate plea under North Carolina v. Alford, and he was afforded his three federal Constitutional rights: the right to confront witnesses, the right against Compulsory self-incrimination, and right to a jury trial. And the trial court

6

has a duty to ensure that the defendant understands the constitutional rights being waived.

The Waiver of Rights form mentioning "witnesses appearing in court" is insufficient. The right to have witnesses appear is distinct from the right to confront and cross-examine them. This omission renders the plea unknowing and involuntary. As a result, Petitioner did not understand the full implications of entering a guilty plea. The Waiver form mentions the right to have "witnesses against you appear in court," but does not explicitly state the right to confront and cross-examine them. (ATT 1.66). The silent record creates a presumption of prejudice. When the record is silent on the Boykin advisement, a defendant is presumed to be unaware of his rights, and the plea cannot be considered knowing and voluntary. Petitioner's guilty plea was not knowing and voluntary due to the lack of Boykin advisement. The silent record and inadequate waiver form create a presumption of prejudice. The "Waiver of Rights Statement" doesn't meet the standard. This a grave miscarriage of justice warrants relief.

In this case, Petitioner did not have the necessary information to make an informed decision about whether to enter a guilty plea. The trial court's error prejudiced Petitioner because he would not have entered a guilty plea if he had been informed of his Boykin rights. If Petitioner had been aware of his right to a jury, he would have chosen to go to trial and fight the charges against him, and if Petitioner had been aware of his right to confront his accusers, he would have been able to challenge the evidence against him and obtain a more favorable outcome. Petitioner was denied Due Process.

7

This applies in the guilty plea context in Hill v. Lockhart, 474 U.S. 52, 58 (1985), holding that a defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Footnote Omitted.) Id. At 59.

Petitioner raised ground thirteen on which the trial court erred in its judgment. Pursuant to 28 U.S.C. § 2254, Petitioner exhausted all state avenues for relief before bringing the petition underlying this memorandum. Specifically, the AEDPA precludes any federal court, absent exceptional circumstances, from granting relief under habeas corpus unless the Petitioner has exhausted all available relief under state law. See 28 U.S.C. § 2254(b)(1); See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999).

To exhaust all available state remedies, the Petitioner must "fairly presen[t] federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995).

All remedies sought resulted in erroneous and unfavorable decisions. Having exhausted available state remedies for all thirteen grounds raised in his petition for writ of habeas corpus, Petitioner now respectfully requests this Court grant him relief from his state conviction.

1. An Order finding Petitioner's guilty plea unknowing and involuntary.
2. An Order vacating Petitioner's conviction and granting withdrawal of his plea and a new trial.

Today, we correct course. After careful review of the relevant United States Supreme Court precedent, which binds our Court as to questions of federal law, we conclude that our decisions reversing a guilty plea because the record does not expressly indicate that the defendant was informed that he was waiving each of the so-called "Boykin rights" is in conflict with Supreme Court precedent and must be overruled. Our law thus returns to the standard outlined in Goodman, which follows Supreme Court precedent: a guilty plea is valid as a matter of federal constitutional law if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances. Trial courts must continue to accept guilty plea only with great care and discernment, following the procedures set out in our Uniform Rule of Superior Court 33.8 and otherwise ensuring that the defendant entering a plea does so voluntarily and with awareness of the relevant circumstances and likely consequences. But the failure to specifically advise the defendant of his right against self-incrimination – or any of the three rights listed in Boykin – on the record does not require the reversal of a guilty plea as a matter of federal constitutional law if the record as a whole shows that the defendant's plea was voluntary and intelligent.

Under this corrected standard of federal constitutional law, Green's claim here fails because the record as a whole shows that Green's guilty plea was voluntary and intelligent. So we affirm Green's convictions. Cite Green v. State, 898 SE 2d 500 (2024) and Current version of USCR 33.8 (B). Federal Rules of Criminal Procedure Rule 11.

9

As applied in Green v. State, the required standard were not meet in Branner's case, nor the standard of federal constitutional law was afforded in his case. Branner weren't advised of his constitutional rights, personally, on the record of the guilty plea transcript, by the Judge. Id. at 71-83.

Here, Branner's guilty plea was not entered voluntarily, knowingly, and intelligently, because the trial court did not specifically advise him of each of his constitutional rights he would be waiving by entering a guilty plea. (HT1.66).

Under the AEDPA, a federal court may not grant habeas relief for a state court conviction unless the conviction "resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established Federal law... or resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254 (d). Clearly established federal law has been interpreted to only include United State Supreme court holdings " as of the time of the relevant state-court decision." Williams V. Taylor, 529 U.S. 362, 412 (2000).

## Conclusion

Given the aforemention petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Branner respectfully requests that this court review and approve his writ and require relief from his state conviction pursuant to and appropriate under the AEDPA. See 28 U.S.C. § 2254

Respectfully submitted this 24 day of July, 2024.

Charlie Branner, Jr.
Charlie Branner, Jr.
(Petitioner)

10

Charlie Bramer
GDC # 811291 Z2
Washington State Prison
P.O. Box 206
Davisboro, GA 31018

Clerk's Office
U.S. District Court Middle District
P.O. Box 1130
Augusta, GA 30903